# EXHIBIT A

10-28-16

12-715

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SYNCHRONY BANK, DOES 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUDY GOMPF

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
10/27/2016 8:53:19 AM

SAN LUIS OBISPO SUPERIOR COURT
BY
D. Cloyd, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Luis Obispo

CASE NUMBER:
*(Número del Caso):* 16LC-0715

1035 Palm Street Room 385
San Luis Obispo, CA, 93408

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| DATE: *(Fecha)* | 10/27/2016 | /s/Michael Powell | Clerk, by *(Secretario)* | | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Synchrony Bank**

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10-28-16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorney for Plaintiff

**ELECTRONICALLY
FILED
10/27/2016 8:53:19 AM**
SAN LUIS OBISPO SUPERIOR COURT
BY
D. Cloye, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN LUIS OBISPO
## LIMITED JURISDICTION

|  |  |
|---|---|
| JUDY GOMPF, | Case No.  16LC-0715 |
| Plaintiff, | **COMPLAINT**<br>(Amount not to exceed $10,000) |
| vs. | 1.  Violation of Rosenthal Fair Debt<br>Collection Practices Act |
| SYNCHRONY BANK, DOES 1-10 inclusive, | 2.  Violation of Telephone Consumer<br>Protection Act |
| Defendant. |  |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2.  Plaintiff, JUDY GOMPF ("Plaintiff"), is a natural person residing in SAN LUIS OBISPO County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, SYNCHRONY BANK ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c).   Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

### III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.     Defendant made various phone calls to Plaintiff regarding an alleged debt, and contacted Plaintiff's phone number ending in -9680.  Defendant thereafter would also call Plaintiff's relatives to disclose Plaintiff's alleged debt. The phone calls were largely automated messages, and Plaintiff advised Defendant to cease the calls whenever Plaintiff made contact with a live representative; however, Defendant continues to barrage Plaintiff with calls. Defendant made enough calls to be considered harassment, and thus caused high levels of stress to Plaintiff.

6.     Defendant also used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1),* to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

7.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

8.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1).*

9.     As a result of Defendant's actions, Plaintiff have retained counsel.  Plaintiff's counsel sent a notice of representation on or about June 17, 2016.  Defendant has failed to respond favorably, if at all, at this time.

10.     Furthermore, in the letter dated June 17, 2016, Plaintiff revoked any and all

1 │ consent to be contacted via an "automated telephone dialing system."

2 │     11.    §1788.17 of the RFDCPA mandates that every debt collector collecting or

3 │ attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to

4 │ 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the

5 │ United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and

6 │ §1692d(5).

7 │     12.    Defendant's conduct violated the RFDCPA in multiple ways, including but not

8 │ limited to:

9 │     a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal

10 │     Civ Code § 1788.11(d));

11 │     b) Communicating, by telephone or in person, with Plaintiff with such frequency

12 │     as to be unreasonable and to constitute an harassment to Plaintiff under the

13 │     circumstances (Cal Civ Code § 1788.11(e));

14 │     c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to

15 │     harass, annoy or abuse Plaintiff (§ 1692d(5));

16 │     d) Communicating with Plaintiff at times or places which were known or should

17 │     have been known to be inconvenient for Plaintiff (§1692c(a)(1)) ;

18 │     e) Engaging in conduct the natural consequence of which is to harass, oppress, or

19 │     abuse Plaintiff (§ 1692d);

20 │

21 │     f) Falsely representing the character, amount, or legal status of Plaintiff's debt (§

22 │     1692e(2)(A));

23 │     g) Using false representations and deceptive practices in connection with

24 │     collection of an alleged debt from Plaintiff (§ 1692e(10);

25 │     13.    Defendant's conduct violated the TCPA by:

26 │     a) using any automatic telephone dialing system or an artificial

27 │     or pre-recorded voice to any telephone number assigned to a

28 │     paging service, cellular telephone service, specialized mobile

    radio service, or other radio common carrier service, or any

service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

14.     As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT I: VIOLATION OF ROSENTHAL**

**FAIR DEBT COLLECTION PRACTICES ACT**

15.     Plaintiff reincorporates by reference all of the preceding paragraphs.

16.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

     A.     Actual damages;
     B.     Statutory damages for willful and negligent violations;
     C.     Costs and reasonable attorney's fees;
     D.     For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF TELEPHONE**

**CONSUMER PROTECTION ACT**

17.     Plaintiff incorporates by reference all of the preceding paragraphs.

18.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

19.     As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

20.     The foregoing acts and omissions of Defendant constitute numerous and

Complaint - 4

multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

21.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

22.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B.  As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and

C.  Any and all other relief that the Court deems just and proper.

## <u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>

Respectfully submitted this 25th day of October, 2016.

By:     _____
        Todd M. Friedman, Esq.
        Law Offices of Todd M. Friedman, P.C.
        Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741    FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, JUDY GOMPF | **ELECTRONICALLY FILED**<br>10/27/2016 8:53:19 AM<br>SAN LUIS OBISPO SUPERIOR COURT<br>BY _____<br>D. Cloyd, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Luis Obispo
STREET ADDRESS: 1035 Palm Street Room 385
MAILING ADDRESS: 1035 Palm Street Room 385
CITY AND ZIP CODE: San Luis Obispo, CA, 93408
BRANCH NAME: San Luis Obispo Superior Court

CASE NAME:
JUDY GOMPF v. SYNCHRONY BANK, DOES 1-10 inclusive

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 16LC-0715 |
| | | | | JUDGE: |
| | | | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 25, 2016

Todd M. Friedman
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number and address):<br>Todd M. Friedman Esq. (SBN 216752)<br>LAW OFFICES OF TODD M. FRIEDMAN P.C.<br>21550 Oxnard St, Ste 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO: 877-206-4741          FAX NO: (OPTIONAL)<br>E-MAIL ADDRESS (OPTIONAL) tfriedman@toddflaw.com<br>ATTORNEY FOR:: Plaintiff | **ELECTRONICALLY FILED**<br>**10/27/2016 8:53:19 AM**<br>SAN LUIS OBISPO SUPERIOR COURT<br>BY_____<br>D. Cloyd, Deputy Clerk |
|---|---|

| | **SUPERIOR COURT OF SAN LUIS OBISPO COUNTY** |
|---|---|
| ☒ | San Luis Obispo Branch, 1035 Palm Street, Rm 385, San Luis Obispo, CA 93408 |
| ☐ | Grover Beach Branch, 214 South 16th Street, Grover Beach, CA 93433 (HEARD AND FILED IN SAN LUIS OBISPO EFFECTIVE 1/1/2012) |
| ☐ | Paso Robles Branch,901 Park Street, Paso Robles, CA 93446<br>www.slocourts.net |

Plaintiff: **JUDY GOMPF**

Defendant: **SYNCHRONY BANK; Does 1-10 inclusive**

| **STATEMENT OF VENUE**<br>**(LIMITED CIVIL)** | **CASE NO:** 16LC-0715 |
|---|---|

The case must be assigned to a judge sitting in the branch court or the San Luis Obispo Courthouse at the locations as set forth below, based on a defendant's residence or principal place of business. If the defendant's residence or principal place of business is outside the County of San Luis Obispo, then the case must be assigned to a judge by using the principles set forth in sections 392 through 395 of the California Code of Civil Procedure.

Venue table:

| | |
|---|---|
| San Luis Obispo | San Luis Obispo, Avila Beach, Cayucos, Los Osos, Morro Bay, and unincorporated areas in between. |
| Grover Beach Branch | Grover Beach, Arroyo Grande, Nipomo, Oceano, Pismo Beach, and unincorporated areas south of the Ontario Grade. |
| Paso Robles Branch | Paso Robles, Atascadero, Cambria, Santa Margarita, Templeton, and unincorporated areas north of the Cuesta Grade. |

X    The contract entered into or to be performed in this judicial district. The address where contract entered into or to be performed is:

Ms. Judy Gompf; PO Box 848; Pismo Beach CA 93448
_____          _____
            Street                                                    City, Zip Code

☐    At least one defendant resides in this judicial district. The address of the defendant is:

_____          _____
            Street                                                    City, Zip Code

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

_____          _____
10/27/2016                                                    SIGNATURE OF DECLARANT
DATE

| CV011<br>New 1/1/04<br>Rev. 3/2/12<br>Mandatory | **STATEMENT OF VENUE**<br>**(LIMITED CIVIL)** | CCP 392-395<br>Local Rule 9.27 |
|---|---|---|

**SUPERIOR COURT OF SAN LUIS OBISPO COUNTY**
**San Luis Obispo Branch**, 1035 Palm Street, Rm 385, San Luis Obispo, CA 93408
**Paso Robles** Branch 901 Park Street, Paso Robles, CA 93446

|  | **CASE NUMBER** |
|---|---|
| **Judy Gompf vs. Synchrony Bank** | **16LC-0715** |
|  | **Case Management Conference** |

# NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

This case is assigned to **Judge Crandall, Charles S.** for all purposes.

Plaintiff must serve the Summons and Complaint, a copy of this Notice; the Standing Case Management Order (located at http://slocourts.net/forms_filing) of the judge assigned for all purposes and must file proofs of service within 60 days after the Complaint is filed.

**Defendants shall file responsive pleadings with 30 days of service** unless the parties stipulate to an extension of not more than 15 days.

IT IS HEREBY ORDERED:

1. The parties must appear for a first Case Management Conference **on March 02, 2017, 9:00 AM, San Luis Obispo Department 9** THE PARTIES OR THEIR ATTORNEYS MUST APPEAR AT THE CASE MANAGEMENT CONFERENCE. For information about telephone appearances call **COURTCALL** at (888)882-6878.

2. Parties are responsible for reviewing and following the Case Management Order of the assigned judge. The orders are located at http://slocourts.net/forms_filing.

3. Each party must file and serve a Case Management Statement at least 15 days before the conference.

4. The person appearing at the first Case Management Conference must be familiar with the case and prepared to discuss suitability of the case for mediation, binding arbitration, judicial arbitration or some form of alternative dispute resolution.

5. Trial will be set within the 11th or 12th month after the filing of the Complaint. Counsel must arrange their schedules, reserve dates with witnesses and schedule trial preparation with this in mind. Continuances will be granted only on a clear showing of good cause.

6. All law and motion matters will be calendared in the department of the assigned judge and filed with the Clerk's office.

7. Each party should be prepared to show cause why sanctions should not be imposed for a failure to comply with these rules. **LIMITED JURISDICTION ONLY:** unless the parties have entered into arbitration as required by Local Rules 9.00 and 26.00.